UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:                                )<br>                                            )<br>TOMMIE L. JOHNSON, II.      )<br>                                            )<br>                                            )<br>                                            )<br>_____ )<br>                                            )<br>REGINA D. JOHNSON,         )<br>                                            )<br>   Plaintiff,                              )<br>                                            )<br>v.                                           )<br>                                            )<br>TOMMIE L. JOHNSON, II      )<br>                                            )<br>   Defendant.                          )<br>_____ ) | CHAPTER 7<br><br>Case No.: #11-71656-crm<br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br><br>Case No.: |

**COMPLAINT
OBJECTING TO DISCHARGE OF DEBT**

COMES NOW, creditor and party in interest, Regina D. Johnson ("Plaintiff"), by and through the undersigned counsel, and files this Complaint seeking a declaration that the debt owed to Plaintiff by Tommie L. Johnson, II ("Debtor") pursuant to the couple's divorce decree is not a dischargeable debt under 11 U.S.C. § 523(a)(15). In support thereof, Plaintiff offers the following:

*Jurisdiction*

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334

1

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Debtor filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on 28 July 2011.

*Parties*

4. Plaintiff Regina D. Johnson is the ex-spouse, co-debtor, and creditor of Debtor.

5. Debtor and Defendant Tommie L. Johnson, II is the former spouse of Plaintiff.

*Background*

6. On 17 July 2009, the parties' marriage was dissolved pursuant to a Divorce Decree entered by the Superior Court of Newton County, Georgia on 17 July 2009. See **EXHIBIT A**.

7. That divorce decree incorporated an agreement between the parties, providing in relevant part as follows:

> The Defendant/Husband was awarded the marital property located at 25 Northwood Oak Drive, Oxford, Georgia. The parties acknowledge that the property had gone into foreclosure. The Husband shall be responsible for any liability associated with the property including any deficiencies for all mortgages on the property, taxes, and insurance. The Husband shall indemnify and hold the Wife harmless for any and all liability associated with the 25 Northwood Oak Drive, Oxford, Georgia.

8. The property at 25 Northwood Oak Drive was used as a means to secure collateral for a loan from Suntrust Bank. The proceeds of this loan were used to pay a previous mortgage on the property.

9. Both Plaintiff and Debtor were jointly liable on for the full amount of the loan from Suntrust.

10. Defendant failed to make timely payments on that loan. Due to the delinquency, on 23 June 2010 Suntrust instituted a lawsuit in DeKalb County against both Plaintiff and Debtor. Suntrust obtained a default judgment against each party for

$59,526.68 as well as $13,696.43 in interest, fees, and costs.

11. Plaintiff was later able to open the default judgment against her because she had not been served with a summons and complaint.

12. Plaintiff has since settled the judgment against her for a one-time payment to Suntrust Bank of $47,000.00.

13. Pursuant to the Divorce Decree, Debtor has agreed to hold Plaintiff harmless and shall indemnify her for this liability.

## COUNT I
### Nondischargeability under 11 U.S.C. § 523(a)(15)

14. The $47,000.00 debt owed to Plaintiff was incurred in the course of a divorce and that debt is not dischargeable under 11 U.S.C. § 523(a)(15).

## COUNT II
### Nondischargeability under 11 U.S.C. § 523(a)(5)

15. The $47,000.00 debt owed to Plaintiff constitutes a domestic support obligation under 11 U.S.C. § 523(a)(5).

### Prayer for Relief

WHEREFORE, Plaintiff prays for an Order of this Court finding the debt owed to Plaintiff is non-dischargeable and for a judgment in Plaintiff's favor in the amount of $47,000.00, plus interest, costs, and reasonable attorney's fees. Plaintiff requests any further relief this Court deems just and proper.

Respectfully submitted, this the 20 day of September, 2011.

_____
Jeffrey R. Filipovits
*Attorney for Plaintiff*
Georgia Bar No. 825553

3

2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
Tel: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com

# EXHIBIT A
## Divorce Decree and Settlement Agreement

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REGINA JOHNSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| TOMMIE JOHNSON, II | ) | 2008-1286-1 |
| | ) | |
| DEFENDANT | ) | |

COPY

### SETTLEMENT AGREEMENT

THIS AGREEMENT is made this __17__ day of July 2009 between Regina Johnson, (hereinafter Plaintiff/ Wife) and Tommie Johnson, II, (hereinafter Defendant/Husband);

### WITNESSETH THAT

WHEREAS the parties hereto are now Husband and Wife, having been lawfully married on or about August 15, 1998 and having lived in a bona fide state of separation since on or about December 1, 2007;

WHEREAS irreconcilable differences have risen between them by reason of which they consider it preferable that they live separate and apart for the remainder of their natural lives;

WHEREAS the parties have resolved all issues of Custody, Child Support, Division of Property, and Division of Debt and other financial matters which arise out of their marital relationship;

WHEREAS they have agreed to reduce their Agreements on these matters

to writing and;

NOW THEREFORE, for and in consideration of the mutual promises set Forth herein and the benefits to be obtained by each of the parties hereunder and other good and valuable consideration the Wife and Husband shall continue to live separate and apart and each shall be free from the interference, molestation, authority, and control, direct or indirect, by the other as fully as if sole and unmarried.

I.

### PARENTING PLAN PURSUANT TO O.C.G.A §19-9-1 INCLUDING CUSTODY PROVISIONS AND DIVISION OF PARENTING TIME

#### 1. CUSTODY

Based on the parties mediated agreement to use the provision from the temporary order, the Mother and Father shall share Joint Legal Custody of the parties' minor children. Plaintiff, Regina Johnson, and Defendant, Tommie Johnson, II, shall share joint legal custody, pursuant to O.C.G.A. §19-9-6(2), of their two minor children, Elaina Johnson, a female, born January 13, 2007, age 2, and Tommie Johnson, III, a male born December 1, 2000, age 8.

Plaintiff shall be the primary physical custodian of the minor children and Defendant shall be the secondary physical custodian.

#### Joint Legal Custody

The parties shall have joint legal custody of their minor children as contemplated by O.C.G.A. §19-9-6(2). Specifically, but without limitation, joint legal custody as contemplated by the parties shall include joint decision making as to matters of major significance affecting the upbringing and

welfare of the children, such as choice of schools and educational programs, the choice of doctors and medical and dental treatment, treatment and counseling for emotional and behavioral problems, summer jobs, and travel without a parent. Although each parent may make day-to-day decisions, as to discipline, rules and behavior in his and her respective home, without interference from the other parent, in the event a child suffers from major discipline or behavioral problems, then both parents will attempt to make mutual decisions as to such matters and maintain consistent rules in the two households for the best interest of the children. Neither party shall make major decisions affecting the upbringing and welfare of a child without first consulting with the other party and attempt to enter into a mutual agreement with the other party consistent with the spirit of this joint custody arrangement. After the parties have consulted and have been unable to agree with regard to any major decisions pertaining to medical, educational, extracurricular or religious decisions to be made in reference to the minor children, the parties agree the Mother shall make the final decision as it relates to any major Medical, Education, Religious issues and with regard to extracurricular activities for the children.

Each party, jointly and severally, shall have the right to authorize emergency medical and dental treatment and procedures for each of their minor children. If a decision must be made in an emergency, then the party who has physical possession of a children at that time may make the decision after first trying to reach and consult with the other party. Thereafter, the party making the decision shall continue to attempt to notify the other party and shall do so until the other party is contacted.

Father and Mother both express their love and affection for the children born of this union and each parent individually, and the parents collectively, desire to create an environment conducive to the children's best interest and one that adequately provides for their needs and welfare.

The parties shall consult and confer on all significant matters affecting the health, education, welfare and religious upbringing of the children and shall endeavor to reach an agreement regarding such decisions; as a minimum, each party shall take the following steps to keep the other informed of significant events:

(a)    Each party shall give to the other at least three days advance notice where possible of any special event at daycare, or school. Each party shall provide notice of any and all extracurricular activities including providing a copy of any schedules for the activity whether it is football, soccer, or any activity of any nature. The party with notice shall provide the other party with

notices of PTA meetings, parent open house, recitals, performances, athletic events or other similar events where parents normally observe or participate in the activities of their children, so that the other parent may attend such activity.

(b) Each party shall have the right to access copies of all report cards and progress reports of the minor children, as well as copies of any and all other documents or reports concerning the children received by either parent from the children's School or aftercare center.

(c) Neither party shall object to the other visiting the children at his daycare, aftercare or school or consulting together or alone with any of the children's caretakers or teachers. If necessary, each party shall notify the school in writing of his or her consent to such visitation and consultation.

(d) In the event of an emergency, each party shall keep the other advised as to the health and well being of the children during the period of time that the children are in the physical custody of such party. Each party shall have the right to receive written reports from or have consultations with physicians regarding the health and well being of said children. Each party shall furnish to the other within three (3) days, if possible, after receipt thereof, any and all reports received from any physician or hospital related to said children.

(e) Each party will cooperate and consult with the other so that the children will love and respect each of his parents, and so the children will not have to act as intermediary between the parties concerning visitation or any other matters.

## Physical Custody

The court hereby orders the permanent parenting plan which shall be executed as a separate order, but is hereby incorporated herein into this final judgment and decree. See Parenting Plan and attached layout of holidays shown as exhibit A.

2.

## CHILD SUPPORT

The following are the findings of fact and conclusion of law as determined by the court in compliance with O.C.G.A. § 19-6-15:

The statutory requirements of O.C.G.A. §19-6-15 has been applied in reaching the amount of child support provided under this temporary order and the specifics are as follows:

1. Gross Income –

   a: The Father's gross monthly income (before taxes) is $6,304.00;

   b: The Mother's gross monthly income (before taxes) is $4124.80;.

2. Number of Child: The number of children being provided under this order is two children;

3. Attachments – The *Child Support Worksheet is attached along with any other applicable schedules and made a part of this settlement agreement and shall be incorporated into the final decree.*

Child Support Amount –

Father shall pay to the Mother and is hereby ordered to pay child support to the Plaintiff in the amount of $975.25 (Nine Hundred Seventy-Five Dollars and Twenty-Five cents) in accordance with the attached child support worksheet. Said support shall be paid in two equal installments of $487.63 (Four Hundred Eighty Seven Dollars and Sixty-Three cents) on the 1st and 15th of each month. Said child support shall begin on July 15, 2009. Said support



shall continue until the youngest child becomes 18 years of age, dies, marries or otherwise becomes emancipated, except that if the child become 18 years of age, while enrolled in and attending secondary school on a full-time basis then such support shall continue until the child completes secondary school, provided that such support shall not be required after the child attains 20 years of age.

Whenever in violation of the terms of this order there shall have been a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by process of continuing garnishment for support pursuant to the provisions of O.C.G.A. § 19-6-30 concerning continuing garnishment for support or via income deduction order pursuant to O.C.G.A. § 19-6-32(a.1).

In addition to the amount set out to be paid directly to the Mother, the Father, as shown on the worksheet as a credit to him, shall pay the monthly tuition, which is presently the sum of $692.52 per month, for the parties' daughter, Elaina Johnson, directly to the school Greenforest/McCalep Christian School. Said tuition shall be paid to this school or any other school for the minor child as longs as she is enrolled in a private school.

The worksheet also provides that the mother shall be responsible for the tuition for their son, Tommie Johnson, III. Presently, the Wife pays the sum of $312.50 per month for Tommie's aftercare. The Wife shall

be responsible for their son's tuition at Greenforest/McCalep Christian School or any other school as long as he is enrolled in a private school.

It has been determined that one or more of the Deviations allowed under O.C.G.A. § 19-6-15 applies in this case as shown by the attached Schedule E. The Presumptive Amount of Child Support that would have been required under O.C.G.A. §19-6-15 if the deviations had not been applied is $1791.82 per month, as shown on the attached Child Support Worksheet. The attached Schedule E explains the reasons for the deviation, how the application of the guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the children who are subject to this child support determination is served by deviation from the presumptive amount of child support.

2A.

## DEPENDENCY EXEMPTION

The parties agree that the Mother shall claim Tommie Johnson, III for the dependency exemption on her Federal Income Taxes. The Father shall claim Elaina Johnson for the dependency exemption for his Federal Income Taxes. The Mother reserves the right to revoke her agreement to allow the Father to take the dependency exemption for Elaina Johnson if the Father fails to pay Elaina's private school tuition for secondary school.

3.

## Health, Dental & Vision Insurance for Children

Defendant/Husband shall maintain health, dental and vision insurance on the minor children. Both parties shall equally (50/50) split any and all uncovered medical, dental and vision expenses for the minor children. The party that incurs the cost shall provide a receipt or bill to the other parent. After receipt of the same, the parent provided the receipt or bill shall reimburse the parent that has incurred the cost for their 50% cost or shall pay the medical provider directly for their 50% share within 30 days from receipt of the same.

4.

## COLLEGE EDUCATION

The parties agree that they will each be responsible for one-half of the room/board, tuition, books, matriculation and any other fees and expenses that the minor children incur based on the costs of tuition, books, room & board at the University of Georgia and Georgia State University up to four years from the date each child graduates from high school. It is further understood that the minor children will attempt to obtain financial aid (not loans) based on merit. The funds paid by the parties for tuition, books, room & board shall be the cost of such items after deductions for scholarships and grants received by the child enrolled in college. The parties agree that any disagreement with the provisions or additional clarifications needed by the parties relating to any of the provisions shall be submitted to mediation.

5.

## REAL PROPERTY

Plaintiff/Wife is awarded the martial property located at 5711 Spring Mill Circle, Lithonia, Georgia and shall exclusive use and possession of the same. The Wife shall be responsible for any liability associated with the property including mortgage, taxes, insurance and any other expenses related to the property. She shall indemnify and hold the Husband harmless from any liability associated with the property. The Husband has quitclaimed his interest in the property and shall have no further right, title, claim or interest in the property.

The Defendant/Husband was awarded the marital property located at 25 Northwood Oak Drive, Oxford, Georgia. The parties acknowledge that the property had gone into foreclosure. The Husband shall be responsible for any liability associated with the property including any deficiencies for the mortgages on the property, taxes, and insurance. The Husband shall indemnify and hold the Wife harmless for any and all liability associated with the 25 Northwood Oak Drive, Oxford, Georgia.

Defendant/Husband is awarded the property located at 1900 Hermosa Street, Nashville, TN. The Husband shall be responsible for any liability associated with the property including mortgage, taxes, insurance and any other expenses related to the property. He shall indemnify and hold the Wife harmless for any liability associated with the property. The Plaintiff/Wife hereby waives any right, title, claim or interest in the property.

The Plaintiff/Wife is hereby awarded the 11acres located in Wilkes County more particularly described in the deed attached hereto. In exchange for giving up his interest in the property, the Plaintiff/Wife shall pay the Defendant/Husband $13,000.00 upon execution of this agreement. The Husband shall execute a quitclaim deed quitclaiming and waiving any right, title or interest he has in the property.

6.

## ALIMONY

Mutual Wavier and Bar: Each party hereby waives, remises, and releases any and all claims against the other for maintenance, alimony, and/or spousal support, whether past or present or future. This agreement, when effective and except otherwise herein provided, shall terminate and bar each party's rights to receive maintenance, alimony and/or spousal support from the other, whether past, present or future.

7.

## DIVISION OF PERSONAL PROPERTY

Husband and Wife have divided the personal property to their mutual satisfaction. Both parties will keep their individual vehicles. The Wife is awarded the 1997 Nissan Pathfinder and the 1972 Kawasaki motorcycle and shall be responsible for any liability associated with the vehicles/motorcycle including any indebtedness, taxes and insurance. The Husband is awarded the 2000 Ford Expedition and the 1994 Ford F150 truck. He shall be responsible for any liability associated with the vehicles including any

indebtedness, taxes and insurance. Each shall indemnify and hold the other harmless for any liability for the vehicles awarded herein.

8.

## DEBTS

Other than what is stated herein, the Plaintiff and Defendant shall pay and shall be responsible for debt listed in their own names. Defendant/Wife and Plaintiff/Husband shall indemnify and hold each other harmless for any of the marital debt that each is responsible for pursuant to this agreement.

9.

## PENSIONS

The parties agree that they have divided to their mutual satisfaction any and all bank accounts, checking, savings, stock certificates, stock options, retirement accounts, retirement benefits including, but not limited to rights to pensions, IRA accounts, 401K accounts or other such financial accounts in their joint or individual names except where provided otherwise herein. Each party shall retain exclusive ownership and interest in his/her respective 401(k), pension or any other retirement plan without any further claims by the other party now or in the future. This provision shall be non-modifiable. Both parties waive, release, and remise any right, title or interest they may have as beneficiary to any benefit plans, including but not limited to

retirement plans held by the other party. Both parties shall make no claims and is hereby barred from making any claims, to any surviving spousal rights in any benefit plan the other party may have.

10.

**NON-USE OF OTHER'S CREDIT**

Neither Husband/Father nor Wife/Mother may hereafter incur any debts or obligations upon the credit of the other, and each shall indemnify, defend and save the other absolutely harmless from any debt or obligation so charged or otherwise incurred.

11.

**TAXES**

Each shall be responsible for their own federal and state income taxes. Each party agrees to hold the other harmless from any claims, assessments, and liability of any nature arising from or relating to any taxes assessed in connection with income tax returns filed individually by the parties. In as much as possible, each party shall pay promptly any and all deficiencies, penalties, interest, and assessments due any taxing authority in connection with any tax return filed individually by the parties. Likewise, each party shall defend at his or her sole cost and expense all attempts to impose any assessments or collect the same against the other party. In the event that any taxes, penalties, and interest, due by the parties for any tax returns filed

jointly by the parties for any and all of the years of marriage prior to 2007, each party agrees to timely pay any taxes, penalty and interest due, if any, from the filing of any joint return(s) or pay said amounts caused or generated by any liability for the joint return(s).

### 12.

### LIFE INSURANCE

The Husband shall maintain a minimal of $150,000.00 in life insurance on his life and the Wife shall maintain a minimal of $150,000.00 in life insurance on her life naming the minor children as the beneficiaries and each other as trustee of the respective policies. Each person shall provide proof of coverage by February 1st of each year. Both parties are owners of the individual life insurance policies. Each is awarded the policies they own, including surrender value and shall be responsible for any loans against said policies. Each party shall indemnify and hold the other safe and harmless from any loans obtained, if any, obtained by the policy owner on his or her respective insurance policy. Each party agrees not to encumber the policy designated for the benefit of the minor children until the children graduate from College.

**SO AGREED TO THIS 17TH DAY OF JULY 2009**

Consented and Agreed to by:

_____
REGINA JOHNSON
Plaintiff

Sworn and subscribed to this
___17th___ day of July 2009.

_____
NOTARY

My Commission expires:
___March 26, 2010___



Consented and Agreed to by:

_____
TOMMIE JOHNSON, II
Defendant

Sworn and subscribed to this
___17th___ day of July 2009.

_____
NOTARY

My Commission expires:
___March 26, 2010___



Prepared by:

_____
E. Noreen Banks-Ware
Attorney for Plaintiff
Law Office of E. Noreen Banks-Ware, P.C.
3636 Panola Road
Suite A
Lithonia, Georgia 30038
(770) 593-9849